UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:20-CR-0567-B |
| | § | |
| ANDREW CHARLES BEARD, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Andrew Charles Beard ("Beard")'s Motion to Sever Count One from the Superseding Indictment (Doc. 40). For the reasons below, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

On October 2, 2020, Alyssa Burkett ("Burkett") was murdered in the parking lot of her work in Carrollton, Texas. Doc. 1, Compl., ¶¶ 4–5. According to witnesses, Burkett's attacker—an unidentified individual—shot Burkett in the head with a shotgun while she sat in her car and then stabbed her several times with a sharp object before fleeing. *Id.* Burkett died within minutes of the attack. *Id.* ¶ 4.

For reasons not relevant to the instant motion, investigators zeroed in on Defendant Beard as a suspect in Burkett's murder. Upon obtaining a warrant to search Beard's home for evidence, police searched Beard's residence and recovered a handgun with a threaded barrel and what the

Government contends is a homemade, unregistered firearm silencer.[1] *Id.* ¶¶ 17, 20–21. The Government does not contend that the silencer was used in or is otherwise connected to the attack on Burkett. *See* Doc. 40, Def.'s Mot., ¶¶ 16–17 (arguing that the Government has not alleged or shown that the silencer was related to the attack on Burkett); Doc. 45, Gov't's Resp. (failing to dispute Beard's assertion).

On November 17, 2020, Beard was indicted on a single count of Possession of an Unregistered Firearm Silencer. Doc. 15, Indictment, 1. The Government later filed a superseding indictment,[2] which charges Beard with (1) Possession of an Unregistered Firearm Silencer ("Count One"); (2) Cyberstalking Using a Dangerous Weapon and Resulting in Death ("Count Two"); and (3) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence ("Count Three"). *See* Doc. 29, Superseding Indictment, 1, 4, 5.

On January 24, 2022, Beard filed the instant motion seeking to sever Count One from the superseding indictment. *See* Doc. 40, Def.'s Mot. Each party was given opportunity to brief the motion and the Court heard oral argument on the motion at a hearing on April 25, 2022. The Court considers the motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8(a), "a defendant may be charged in a single indictment for two or more offenses if they (1) are of the same or similar character; (2) are based on

---

[1] For conciseness—and without opining on what it actually is—the Court will refer to this object as "the silencer."

[2] The Superseding Indictment (Doc. 29) is the operative indictment in this case.

- 2 -

the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citing Fed. R. Crim. P. 8(a)). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Sharp*, 6 F.4th 573, 580 (5th Cir. 2021) (quoting *United States v. Huntsberry*, 956 F.3d 270, 287 (5th Cir. 2020)). "The propriety of joinder under Rule 8 is determined on the basis of allegations in the indictment, which are accepted as true barring allegations of prosecutorial misconduct." *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994).

Even if joinder is proper under Rule 8(a), "the district court must decide whether it causes sufficient prejudice to require severance under [Federal Rule of Criminal Procedure] 14(a)." *Rice*, 607 F.3d at 142. Rule 14(a), in relevant part, states that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts." Fed. R. Crim. P. 14(a). Ultimately, the decision of whether to sever on account of undue prejudice lies within "the sound discretion of the trial court." *United States v. Hager*, 879 F.3d 550, 557 (5th Cir. 2018) (citing *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994)).

## III.

## ANALYSIS

### A.    *Joinder Under Rule 8(a)*

It is somewhat unclear whether and to what extent Beard disputes that Count One is properly joined to Counts Two and Three under Rule 8(a). *See* Doc. 40, Def.'s Mot., ¶ 17 (appearing to argue that Count One cannot be properly joined to Counts Two and Three as "parts of a common scheme" but never expressly arguing that joinder under Rule 8(a) is otherwise improper). Nonetheless, "in reviewing a Rule 14 motion to sever, the . . . [C]ourt must first determine whether

the claims [are properly] joined under Rule 8(a)." *United States v. Holloway*, 1 F.3d 307, 310 n.2 (5th Cir. 1993). The Government argues that joinder is proper under Rule 8(a) because each count is "of the same or similar character" and "based on the same act or transaction." Doc. 45, Gov't's Resp., 5. Because the Court agrees that the counts are all "based on the same act or transaction," it need not consider whether Count One could properly be joined to Counts Two and Three for being "of the same or similar character."

"[T]he transaction requirement in Rule 8 is flexible" and "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Butler*, 429 F.3d 140, 146–47 (5th Cir. 2005) (citation omitted). The Fifth Circuit has explained that, generally, "[w]hen firearms are found during the investigation of an offense, joinder of the gun charges is appropriate."[3] *United States v. Mays*, 466 F.3d 335, 340–41 (5th Cir. 2006); *see Huntsberry*, 956 F.3d at 288; *see also United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) (denying rehearing en banc). This is true even where the connection between the firearm and the other crimes is somewhat remote. *See Huntsberry*, 956 F.3d at 288 (finding joinder of gun charges was proper under Rule 8(a) where guns were found during a drug investigation even though there was "no evidence connecting the guns to the drug crimes").

The parties here do not dispute that the silencer was found during the investigation of Burkett's murder, which gave rise to Counts Two and Three. *See* Doc. 40, Def.'s Mot., ¶ 8; Doc. 45, Gov't's Resp., 5–6. Accordingly, Count One is properly joined under Rule 8(a)'s transaction requirement. *See Huntsberry*, 956 F.3d at 288.

---

[3] As the Government correctly observes, "[a] silencer itself is a 'firearm.'" Doc. 45, Gov't's Resp., 3 (citing 18 U.S.C. § 921(3); 18 U.S.C. § 5845(a)(7)).

B.    *Severance Under Rule 14(a)*

Having determined the propriety of initial joinder, the Court next considers whether joinder "causes sufficient prejudice to require severance." *Rice*, 607 F.3d at 142. In deciding whether to sever counts properly joined under Rule 8(a), the Court is tasked with "balanc[ing] the prejudice to the defendant against the interest of judicial economy." *Ballis*, 28 F.3d at 1408. Moreover, "even if prejudice is shown . . . [Rule 14] leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *United States v. Burden*, 964 F.3d 339, 345 (5th Cir. 2020) (alterations in original) (quoting *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993)). Often, "less drastic measures [than granting separate trials], such as limiting instructions . . . will suffice to cure any risk of prejudice." *Id.*

Beard argues that the evidence supporting Count One is neither relevant nor necessary for the Government to obtain convictions on Count Two and Count Three. Doc. 40, Def.'s Mot., ¶¶ 15–21. Beard reasons that joiner of Count One effectively permits the Government to smear his character in attempt to obtain convictions on Counts Two and Three, which he avers are supported only by "thin evidence." *Id.* ¶¶ 15–18, 20. Essentially, Beard avers that proceeding to a joint trial on all counts creates a serious risk that the jury would conclude that "he must be guilty of Counts [Two] and [Three] because he is the type of 'criminal' who possesses an unregistered homemade silence[r]." *Id.* ¶ 20. Lastly, Beard avers that a joint trial would be unduly prejudicial because he "may choose to testify about where the 'silencer' that underlies Count [One] came from" but "invoke his right to not testify about issues underlying Counts [Two] and [Three]," which would "cause the jury to wonder why Beard does not want to testify about [those counts]." *Id.* ¶ 19.

In response, the Government argues that "[t]he evidence for each offense is focused and compartmentalized," meaning "the jury can easily separate the evidence and apply it to the proper offenses." Doc. 45, Gov't's Resp., 8. Thus, the Government reasons, "any potential prejudice can be cured by effective jury instructions." *Id.*

Exercising its discretion, the Court finds that severance is appropriate. To start, the Court agrees with Beard that there is a risk of prejudice created by trying his counts together, specifically in that the jury would hear evidence as to Count One that would not be admissible as to Counts Two and Three, and vice versa.[4] Doc. 40, Def.'s Mot., ¶¶ 16–17. As noted above, the Government does not contend that there is any relationship between the silencer underlying Count One and the murder underlying Counts Two and Three other than its coincidental discovery during the murder investigation. *See* Doc. 45, Gov't's Resp., 2 (noting that Burkett was shot with a shotgun and not arguing that the silencer was used or factually related to the attack); Doc. 29, Superseding Indictment, 1, 4, 5 (same). So invariably, the evidence supporting Count One is largely irrelevant to Counts Two and Three, and vice versa. Thus, the remaining question is whether the Court can remedy any potential prejudice by properly instructing the jury. The Court has serious doubts that it can.

Were this case to proceed to a joint trial on all counts, the jury would be tasked to determine (1) whether Beard unlawfully possessed an unregistered silencer (Count One), and (2) whether

---

[4] To be clear, the risk of prejudice is not simply "that the jury would think worse of [Beard] if all counts were tried together," as that "possibility exists anytime a defendant is tried on more than one count." *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir. 1987). Rather, the Court's concern is with the prejudicial effect of the jury hearing evidence in a joint trial that would not be otherwise admissible if Count One was tried separately from Counts Two and Three. *Cf. Ballis*, 28 F.3d at 1408–09 ("No prejudice inures to the defendant where a severance of counts would not result in a segregation of evidence.")

Beard cyberstalked Burkett and then murdered her by first shooting her at point-blank range with a shotgun and then stabbing her repeatedly with a sharp object (Counts Two and Three). Doc. 29, Superseding Indictment, 1, 4, 5. Of course, the Court would instruct the jury to consider the evidence as to each count separately and only for appropriate purposes and, generally, the jury would be presumed to follow those instructions. *See generally United States v. Hickerson*, 489 F.3d 742, 746 (5th Cir. 2007). But while "[a] limiting instruction may help eliminate the undue prejudicial nature of particular evidence . . . some evidence is so powerful that even the best worded and most well-intentioned jury instruction cannot eliminate the undue prejudicial effect." *United States v. Mitchell*, 2013 WL 5377869, at *5 (N.D. Tex. Sept. 26, 2013).

Here, the Court is unconvinced that even a properly instructed jury is capable of hearing evidence that Beard possessed a firearm silencer without considering that evidence in determining whether Beard cyberstalked, shot, and stabbed Burkett; similarly, the Court is doubtful that the same jury could be reasonably expected to ignore evidence of Burkett's murder in determining whether Beard possessed an unregistered silencer. Put another way, the Court is unconvinced Beard can receive a fair trial on all counts where his defense to Count One is prejudiced by highly inflammatory, irrelevant evidence related to Burkett's murder and his defense to Counts Two and Three is prejudiced by irrelevant evidence that he possessed an unregistered firearm silencer—an act that evinces a harshly negative inference that the actor had violent intentions. *Cf. United States v. McRae*, 702 F.3d 806, 821–28 (5th Cir. 2012) (finding a court abused its discretion in failing to try defendants separately where highly inflammatory evidence was properly introduced as to one defendant but irrelevant as to the complaining codefendant). *See generally United States v. Poulos*, 895 F.2d 1113, 1122 (6th Cir. 1990) ("'[S]ilencers are not used in recreational pursuits but are usually

associated with the use of guns in criminal endeavor.' Moreover, 'a readily and easily assembled silencer serves no innocent purpose but is designed to facilitate the killing of another or to effectuate some other pernicious purpose by reducing the noise level of a fired weapon." (citations and quotation marks omitted)). Given the unique facts of this case, the Court concludes that the risk of prejudice substantially outweighs any potential benefit in economy of judicial administration, and that severance of Count One from the superseding indictment is warranted to ensure Beard receives a fair trial on all counts. Accordingly, the Court, in its discretion, finds that severance is warranted.

## IV.

## CONCLUSION

For the reasons above, the Court **GRANTS** Beard's Motion to Sever Count One from the Superseding Indictment (Doc. 40). Trial will proceed on Counts Two and Three on July 11, 2022. A separate Order regarding the trial schedule for Count One will follow.

**SO ORDERED**.

**SIGNED: May 3, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE